[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12516
Non-Argument Calendar

_____

D. C. Docket No. 03-20483-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASMINE DUKHARAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2007)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jasmine Dukharan appeals the denial of her motion to reconsider the district court's order granting a 12-month reduction in her sentence following the government's motion, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, for a reduction of sentence for substantial assistance. On appeal, Dukharan argues that the district court abused its discretion in denying an evidentiary hearing following its ruling on the Rule 35(b) motion. For the reasons set forth more fully below, we affirm.

We review the denial of a motion to reconsider for abuse of discretion. United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004). Generally, we review the district court's decision on whether to hold an evidentiary hearing for abuse of discretion. United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006).

When the government filed its Rule 35(b) motion, it sought a five-month reduction, alleging that Dukharan's testimony and statements appeared somewhat truthful, and, despite certain false statements and omissions, her assistance was useful and, at times, significant. In response, Dukharan argued that a five-month reduction failed to account for her contribution to cases pending in the Southern District of Florida and in other jurisdictions. She also requested a hearing on the motion in order to address the nature and extent of her cooperation and the

government's representations concerning false statements.

The district court held a hearing on the motion. No testimony was offered, but both parties made proffers regarding the extent of Dukharan's cooperation and involvement in drug smuggling activities. Dukharan conceded that she initially did not disclose her participation in a February 2004 drug smuggling trip. However, she disputed the government's assertions that she was untruthful regarding smuggling ventures unrelated to this case. The district court, stating that, "despite [Dukharan's] inconsistencies and lack of truthfulness in this case," she provided assistance, which resulted in the prosecution of a significant person and the arrest and conviction of at least two more participants, granted a 12-month reduction of Dukharan's sentence.

Dukharan filed a motion to reconsider, requesting either an evidentiary hearing, or, alternatively, a 23-month reduction in her sentence. With regard to the alleged untruthfulness about matters other than the February 2004 trip, she argued that the government's position was supported only by its statement that other defendants contradicted information she provided. To the extent the district court relied upon the government's proffer regarding her lack of truthfulness with respect to this information, Dukharan requested "an opportunity to confront this hearsay information in order to defend herself from same." The district court

summarily denied Dukharan's motion to reconsider.

We discern no abuse of discretion in the court's decision. Dukharan requested and received an initial hearing on the Rule 35(b) motion to, inter alia, address the issues regarding the alleged false statements. At this hearing, Dukharan made a case for the significance of her cooperation and conceded that she initially did not disclose the February 2004 smuggling trip. As to possible unrelated incidents of drug smuggling, the district court heard Dukharan's proffer, in which she claimed to have disclosed information voluntarily and she denied involvement with drugs. After hearing both parties' arguments, the district court was in the best position to know whether additional information regarding whether Dukharan lied about involvement in unrelated drug smuggling activities would impact its decision regarding the amount of a sentence reduction to award. Under these circumstances, the district court's denial of Dukharan's request for an evidentiary hearing was not an abuse of discretion. In light of the foregoing, we

**AFFIRM.**